STATE OF VERMONT

VERMONT ENVIRONMENTAL COURT

|   |   |   |
|---|---|---|
| In re Guité Act 250 Jurisdictional | } | |
| Opinion #3-128 (Revised) | } | Docket No. 126-7-09 Vtec |
| | } | |

<u>Decision and Order on King Motions to Intervene and Reopen and</u>
<u>on Guité Motion to Withdraw and Dismiss Remaining Issues with Prejudice</u>

Mr. Jerome B. King (Petitioner) seeks to intervene in the above-captioned appeal and to move the Court to reopen a court order stipulated by all the parties to this appeal, addressing Act 250 jurisdiction over a cemetery.[1]  Petitioner King represents himself in this matter.

This case is an appeal from a revised Jurisdictional Opinion issued by the District Coordinator of the District #3 Environmental Commission, regarding property formerly owned by the Unified Buddhist Church, Inc. (UBC).  The parties to this appeal are Appellant J. Michel Guité, the landowner whose property was the subject of the Jurisdictional Opinion at issue in this appeal, represented by Christopher D. Roy, Esq.; Ms. Marcia Neal, a descendant of an Aldrich family member whose remains are buried in the cemetery, represented by George W. Lamb, Esq.; and the Land Use Panel of the Vermont Natural Resources Board, represented by John H. Hasen, Esq.

Appellant Guité has reached an agreement with the Land Use Panel of the Natural Resources Board to resolve the issue of Act 250 jurisdiction over his property, which was filed and has been signed as a judicial order in <u>Land Use Panel of the</u>

---

[1]  This cemetery was referred to in the Statement of Questions as the "Aldrich Family Cemetery";  Mr. King's counterclaim in a related Superior Court action, Docket No 232-4-09 Wrcv, refers to it as "the old Aldrich Cemetery."

1

Natural Resources Board v. Guité, Docket No. 8-1-10 Vtec. Paragraph K of that agreement contemplates the dismissal of this appeal of the Jurisdictional Opinion.[2]

An Act 250 Permit had been issued to the UBC for a retreat facility on the property; the permit included Finding ¶ 123 that stated: "The tract of land contains an old cemetery. The Applicant will not disturb the cemetery or a 50-foot buffer around the cemetery." At the time the Jurisdictional Opinion was issued, the property that had been owned by UBC was thought to include the old cemetery.

In April of 2009, Appellant Guité brought an action in Windsor Superior Court against Petitioner King, in Guité v. King et al., Docket No. 232-4-09 Wrcv, asking the Superior Court to declare the parties' respective rights of access to and use of the Old Aldrich Cemetery. On June 4, 2009, Petitioner King filed a counterclaim in the Windsor Superior Court case, requesting the Superior Court to order "the reconstitution of the Aldrich Cemetery to its state as of September 11, 2009 using or[i]ginal materials, so that in appearance and in substance it is restored to what it was before [Mr. Guité] undertook its dismant[le]ment." Thus, as of May 6, 2009, when service was complete as to Petitioner King in the Windsor Superior Court case, and at least as of June 4, 2009, when Petitioner King filed his counterclaim, Petitioner King was aware of the dispute over the cemetery.

The above-captioned appeal of the Jurisdictional Opinion was filed in this Court on July 1, 2009, together with a related appeal filed by Mr. Guité from the District Commission's ruling on his abandonment petition. The required notice about the filing of the notice of appeal was published in the Valley News, a newspaper of general circulation in the area of the project property, on July 2, 2009.

---

[2] The agreement also called for the dismissal of Guité Petition for Abandonment, Docket No. 127-7-09 Vtec, which involved Mr. Guité's petition to abandon the UBC project and permit for non-use; that dismissal was entered on January 28, 2010.

On August 19, 2009, the Court issued an entry order regarding a motion to stay, and scheduling future proceedings. It explained that persons who:

> wish to enter an appearance or to move to intervene as interested persons in either matter, . . . are free to apply to do so. V.R.E.C.P. 5(c). [The] proceedings are de novo before this Court and the parties will be free to present evidence regarding the ownership and current circumstances of the cemetery.
>
> The motion for stay will be considered and ruled on at the initial conference, which has been scheduled for September 8, 2009 to allow enough time for all parties to enter appearances or move to intervene, and for any responses to the motion to stay to be filed . . . .

The Land Use Panel of the Natural Resources Board entered its appearance on August 24, 2009, and Ms. Neal entered her appearance on September 3, 2009.

Nothing in Petitioner King's December 24, 2009 letter, treated as a motion to intervene, explains why he did not enter his appearance or seek to intervene in the present appeal between the time it was filed on July 1, 2009, and entry of the November 17, 2009 stipulation and order. By the time this appeal was filed, the record of the Superior Court litigation shows that Mr. King was already aware of the dispute as to the cemetery. Moreover, Mr. King does not appear on the service list of people who participated in the Jurisdictional Opinion proceedings at the District Commission, and so he was not required to be sent a copy of the notice of appeal by Attorney Roy on behalf of Mr. Guité.

Mr. King stated in his original inquiry letter filed December 15, 2009, that he has "property interests in the Aldrich Cemetery as a cemetery," and that his parents' ashes were buried there in 1982 when his father's trust held title both to the cemetery and to what became the UBC property.[3] Regardless of whether this appeal were to remain pending or to be withdrawn or dismissed, this appeal could only resolve issues

---

[3] The letter refers to this property simply as "the premises," but in context he appears to be referring to the land that became the property of the UBC, and then of Mr. Guité.

3

regarding whether an Act 250 permit is required for what is now the Guité property. This appeal cannot resolve any issues regarding the ownership of the cemetery lot or the scope or status of any easement relating to the cemetery lot. See, e.g., <u>Clermont Terrace Site Plan and Zoning Permit Approvals</u>, Nos. 46-2-05 Vtec & 72-4-05 Vtec, slip op. at 8 (Vt. Envtl. Ct. Mar. 22, 2006) (Durkin, J.) (stating that the Environmental Court "does not have jurisdiction to determine private property rights").

If Mr. King has protectable interests in the cemetery because his parents' ashes are buried there, it is the Probate Court that has jurisdiction over such issues. As described in the Jurisdictional Opinion, issues regarding opposition to the removal of remains from a cemetery are addressed by the Probate Court under 18 V.S.A. Chapter 107, which requires public notice of a proposed removal of remains to be published in a local newspaper. 18 V.S.A. § 5212(b). Section 5212(c) of that statute allows 45 days for any party opposing such a removal to file a complaint with the Probate Court under § 5212a(a), otherwise the Town Clerk is authorized to issue a permit allowing the removal. From recitations in the parties' stipulation filed in the present case on November 16, 2009, it appears that the Probate Court authorized the removal of the graves and remains from the cemetery.

If Mr. King has protectable property interests in the cemetery property itself, including whether he is a beneficiary of a deeded easement, such property interests are within the jurisdiction of the Superior Court and not the Environmental Court. In this appeal, the Environmental Court only has jurisdiction of the issues related to Act 250.

Questions 4 through 9 of the Statement of Questions in this matter raised the issue that the cemetery lot was never owned by UBC, and therefore was never owned by the successor landowner J. Michel Guité. The parties to this appeal investigated the deeds and agreed that UBC had never owned the cemetery lot, but that instead the cemetery lot was kept or retained by the Grantors (original owners) in the 1853 deed that first sold off the property that came to be owned by UBC and then by J. Michel

4

Guité. This agreement is not in any way inconsistent with Mr. King's assertion that it was his father's trust that owned the cemetery lot, or owned both lots, in the 1980s. Nor is it a binding resolution of any property rights issues regarding the cemetery lot or the easement; again, such issues are within the jurisdiction of the Superior Court.

If the cemetery lot was not owned by UBC, the Act 250 jurisdiction that attached to the UBC land on account of UBC's retreat center project could not attach to the cemetery lot itself. Because that jurisdiction could not attach to land that UBC did not own, the section of the Act 250 permit regulating disturbance of the cemetery was beyond the jurisdiction of Act 250, even if the UBC Act 250 Permit had not subsequently been abandoned. If any private property rights exist to enforce the cemetery easement, they are not affected by the abandonment of the UBC Act 250 permit.

The parties to this appeal of the Jurisdictional Opinion filed the stipulation on November 16, 2009, which the Court entered as an order on November 17, 2009, ordering that the Jurisdictional Opinion regarding Act 250 jurisdiction over the cemetery lot was vacated. At the time of the November stipulated order, Questions 1 through 3, and 6 through 20, unrelated to the cemetery, remained to be resolved in this appeal. Since that time, Mr. Guité has been given leave to abandon UBC's Act 250 Permit, subject to removing certain commercial improvements UBC had installed, Land Use Panel v. Guité, Docket No. 8-1-10 Vtec (Jan. 13, 2010), and therefore his appeal of the denial of his abandonment petition has been dismissed, Guité Petition for Abandonment, Docket No. 127-7-09 Vtec (Jan. 28, 2010).

Now that the Act 250 Permit at issue in this appeal has been abandoned there is no Act 250 jurisdiction over either the Guité parcel or the cemetery parcel, and the present Jurisdictional Opinion appeal has become moot, regardless of whether or not the November stipulated order had been entered or were to be vacated. Any issue as to the current ownership of the Aldrich cemetery or an easement benefiting the Aldrich

5

cemetery is no longer material to this appeal and must in any event be resolved in Superior Court.

Mr. King's request to intervene did not show that the "disposition [of the Jurisdictional Opinion appeal] may as a practical matter impair or impede [his] ability to protect" his interest in the cemetery, as required by V.R.C.P. 24(a), regulating intervention. Accordingly, his motion to intervene must be denied. In any event, as the Jurisdictional Opinion appeal has become moot, there is no basis to reopen the November 17, 2009 stipulated order, and Appellant's motion to withdraw and dismiss with prejudice the remaining issues in this appeal must be granted.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Mr. King's Motion to Intervene is DENIED, and his Motion to Reopen the November 17, 2009 Stipulated Order is DENIED as MOOT, based on the Assurance of Discontinuance entered in Docket No. 8-1-10 Vtec. Appellant Guité's Motion to Withdraw and Dismiss with Prejudice the remaining issues in this appeal, based on the Assurance of Discontinuance entered in Docket No. 8-1-10 Vtec, is GRANTED, concluding this appeal.

Done at Berlin, Vermont, this 4th day of February, 2010.

_____
Merideth Wright
Environmental Judge